203 F.3d 1150 (9th Cir. 2000)
 JAMES R. LINDSEY; SUN CHA LINDSEY, and their marital community, Plaintiffs-Appellants,
MBA, INC., a Washington corporation; F I T S, LLC, a Washington limited liability corporation; SAN JUNG CORPORATION, a Washington corporation, Plaintiffs,
v.
TACOMA-PIERCE COUNTY HEALTH DEPARTMENT, a combined City County Health Department; its ORDER Board of Health; TACOMA-PIERCE COUNTY BOARD OF HEALTH; FEDERICO CRUZ-URIBE, Director of Health for the Tacoma-Pierce County Health Department in his official capacity; BRIAN EBERSOLE, in his official capacity; FRANCEA McNAIR, in her official capacity; WENDELL BROWN, in his official capacity; KAREN BISKEY, in her official capacity; LEONARD E. SANDERSON, in his official capacity; DAVID SPARLING, in his official capacity; ROBERT W. EVANS, in his official capacity, Defendants-Appellees,
And
COUNTY OF PIERCE; CITY OF TACOMA, a municipal corporation, Defendants.
 No. 98-35416
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Filed February 14, 2000
 
 Before: William C. Canby, Jr., Melvin Brunetti, and Diarmuid F. O'Scannlain, Circuit Judges.
 
 
 1
 Prior report; 195 F.3d 1065.
 
 ORDER
 
 2
 The opinion filed on November 19, 1999 and published at 195 F.3d 1065 is amended to include Judge O'Scannlain's specially concurring opinion attached hereto.
 
 
 3
 O'SCANNLAIN, Circuit Judge, specially concurring:
 
 
 4
 I concur in the thorough and well-reasoned opinion of the court, which faithfully applies Supreme Court precedent governing FCLAA preemption, as set forth in Cipollone v. Liggett Group, Inc., 505 U.S. 504 (1992). I write separately only to note that in recent decisions outside of the FCLAA context, the Court appears to be moving toward an approach to preemption issues that is more pragmatic (rather than strictly textual) and more deferential towards state law. See, e.g., New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645 (1995) (analyzing ERISA preemption).
 
 
 5
 The Court has made clear, however, that "[i]f a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." Rodriguez de Quijas v. Shearson/ American Express, 490 U.S. 477, 484 (1989); see also Agostini v. Felton, 521 U.S. 203, 237 (1997) (rejecting the proposition "that other courts should ever conclude that [the Supreme Court's] recent cases have, by implication, overruled an earlier precedent"). Thus we must follow Cipollone, rather than collateral intervening cases addressing preemption in different areas of the law. With this observation, I join wholeheartedly in the opinion of the court.